## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

JARRELL FRAZIER,

    Petitioner,

v.                                                                                             No. 19-cv-0248 MV/SMV

FNU BOWEN and
ATTORNEY GENERAL FOR
THE STATE OF NEW MEXICO,

    Respondents.

## ORDER GRANTING PETITIONER'S MOTION FOR LEAVE TO PROCEED PURSUANT TO 28 U.S.C. § 1915 AND ORDER TO SHOW CAUSE

THIS MATTER is before the Court on Jarrell Frazier's 28 U.S.C. § 2254 habeas corpus petition. [Doc. 1]. Frazier asks the Court to vacate his felony murder conviction based on, inter alia, ineffective assistance of counsel and due process violations. Also before the Court is Frazier's Motion for Leave to Proceed Pursuant to 28 U.S.C. § 1915 [Doc. 2], which indicates he is unable to prepay the $5.00 habeas filing fee. The Court will grant the Motion but require Frazier to show cause why his habeas petition should not be dismissed as untimely.

### I. Procedural Background

The procedural history in this case is fairly complex. To better interpret the citations in the Petition, the Court took judicial notice of Frazier's state court criminal dockets, Case Nos. D-202-CR-2002-01770 & S-1-SC-36594. *See United States v. Smalls*, 605 F.3d 765, 768 n.2 (10th Cir. 2010) (recognizing that a court may take judicial notice of docket information from another court); *United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007) (stating that

courts have "discretion to take judicial notice of publicly-filed records . . . concerning matters that bear directly upon the disposition of the case at hand").

On February 20, 2004, a jury convicted Frazier of murder, kidnapping, conspiracy to commit kidnapping, aggravated battery, and tampering with evidence. *See* [Doc. 1] at 1, 35. The state court sentenced him to life imprisonment, plus 21 years. *Id.* at 1. Judgment on his conviction and sentence was entered March 2, 2005. *Id.* at 1, 38. Frazier appealed to the New Mexico Supreme Court ("NMSC"). *See id.* at 2. By a mandate issued July 2, 2007, the NMSC reversed the kidnapping charge, affirmed the remaining convictions, and remanded the case for resentencing. *See id.* at 39. The state court entered an Amended Judgment on October 10, 2007, which reduced the total sentence to life imprisonment, plus nine years. *See id.* at 40; Amended Judgment and Order in Case No. D-202-CR-2002-01770. Frazier did not appeal the Amended Judgment. It therefore became final on November 9, 2007, when the 30-day appeal period expired. *See Locke v. Saffle*, 237 F.3d 1269, 1271–73 (10th Cir. 2001) (stating that for purposes of § 2254, a conviction becomes final upon the expiration of the appeal period); Rule 12-201(A)(1)(b) NMRA (providing that a notice of appeal must be filed within 30 days after entry of judgment).

Over five months later, on April 15, 2008, Frazier filed a state habeas petition. *See* [Doc. 1] at 3. The state court initially denied the petition, but the NMSC reversed and remanded the case for an evidentiary hearing. *See id.* at 40; Order Remanding to District Court in Case No. S-1-SC-31715. The state habeas proceeding remained pending for nearly nine years. *See generally* [Doc. 1] at 40–45. On March 6, 2017, the state court denied the habeas petition. *See*

2

*id.* at 45. Frazier applied for review by the New Mexico Supreme Court, which was denied by a mandate issued March 21, 2018. *See* Order Denying Petition, Case No. S-1-SC-36594. On March 19, 2019, Frazier filed the federal § 2254 petition. [Doc. 1].

## II. Timeliness of the § 2254 Petition

Petitions for a writ of habeas corpus by a person in state custody must generally be filed within one year after the defendant's conviction becomes final. 28 U.S.C. § 2244(d)(1)(A) (2018). The one-year limitation period can be extended:

(1) While a state habeas petition is pending, § 2244(d)(2);

(2) Where unconstitutional state action has impeded the filing of a federal habeas petition, § 2244(d)(1)(B);

(3) Where a new constitutional right has been recognized by the Supreme Court, § 2244(d)(1)(C); or

(4) Where the factual basis for the claim could not have been discovered until later, § 2244(d)(1)(C).

Equitable tolling may also be available "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000).

In this case, the limitation period began to run on November 9, 2007, when the conviction became final. 158 days elapsed before Frazier filed a state habeas petition on April 15, 2008, which stopped the clock pursuant to § 2244(d)(2). The state habeas proceeding remained pending until March 21, 2018, when the NMSC denied review. *See Lawrence v. Florida*, 549 U.S. 327,

332 (2007) (stating that for purposes of § 2244(d)(2), a state habeas proceeding remains pending until "the State's highest court has issued its mandate or denied review"). "The next day statutory tolling ceased," and the remaining "time for filing a federal habeas petition [here, 207 days[1]] resumed." *Trimble v. Hansen*, No. 18-1490, 2019 WL 990686, at *2 (10th Cir. Feb. 28, 2019); *see Rhine v. Boone*, 182 F.3d 1153, 1155 (10th Cir. 1999) (holding that the "time after the [highest state court] finally denied [petitioner's] post-conviction application until the United States Supreme Court denied his petition for certiorari was not 'time during which a properly filed application for State post-conviction . . . review . . . [was] pending" (third alteration in original) (quoting § 2244(d)(2))). The state court docket reflects there was no additional case activity during the next 207 days. The limitation period therefore expired on October 15, 2018, and the March 19, 2019 Petition appears to be time-barred.

Based on the forgoing, the Court will require Frazier to show cause within 30 days of entry of this Order why his habeas petition should not be dismissed as untimely. Failure to timely comply may result in dismissal of the habeas action without further notice. *See United States v. Mitchell*, 518 F.3d 740, 746 (10th Cir. 2008) ("AEDPA's time bar . . . may be may be raised by a court *sua sponte* . . . . [H]abeas proceedings are different from ordinary civil litigation and, as a result, our usual presumptions about the adversarial process may be set aside.").

**IT IS THEREFORE ORDERED** that the Motion for Leave to Proceed Pursuant to 28 U.S.C. § 1915 [Doc. 2] is **GRANTED**.

---

[1] The Court arrived at this figure by subtracting the number of days that initially elapsed (158) from the one-year period (i.e., 365 days in a year – 158 days = 207 remaining days).

**IT IS FURTHER ORDERED** that no later than **May 24, 2019,** Frazier must file a response showing cause, if any, why his § 2254 habeas petition should not be dismissed as untimely.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**