**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

JARRELL FRAZIER,

    Petitioner,

v.                                                                             No. 19-cv-248 MV-SMV

FNU BOWEN and
ATTORNEY GENERAL FOR
THE STATE OF NEW MEXICO,

    Respondents.

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Petitioner Jarrell Frazier's 28 U.S.C. § 2254 Habeas Corpus Petition (Doc. 1). Frazier asks the Court to vacate his felony murder conviction based on, inter alia, ineffective assistance of counsel and due process violations. The Court previously directed Frazier to show cause why his § 2254 Petition should not be dismissed as untimely. Having independently researched the state docket to confirm the time-bar, and because Frazier did not establish grounds for tolling, the Court must dismiss the Petition.

**I. Procedural Background**

The background facts are taken from the Petition and the state court docket in Frazier's state court criminal dockets, Case No. D-202-CR-2002-01770; S-1-SC-36594. The state criminal filings are subject to judicial notice. *See United States v. Ahidley*, 486 F.3d 1184, 1192 n. 5 (10th Cir. 2007) (courts have "discretion to take judicial notice of publicly-filed records … concerning matters that bear directly upon the disposition of the case at hand"); *Mitchell v. Dowling,* 672 F. App'x 792, 794 (10th Cir. 2016) (Habeas courts may take "judicial notice of the state-court docket sheet to confirm the date that each [state] motion was filed").

On February 20, 2004, a jury convicted Frazier of felony murder, kidnapping, conspiracy

to commit kidnapping, aggravated battery, and tampering with evidence. *See* Doc. 1 at 1. The state court sentenced him to life imprisonment, plus 21 years. *Id.* Judgment on the conviction and sentence was entered March 2, 2005. *Id.*; Judgment and Order in case no. D-202-CR-2002-01770. Frazier filed a direct appeal with the New Mexico Supreme Court ("NMSC").[1] *See* Doc. 1 at 2; NTC: of Appeal in D-202-CR-2002-01770.

By a mandate issued July 2, 2007, the NMSC vacated the kidnapping charge, affirmed the remaining convictions, and remanded the case for resentencing. *See* RPN: Mandate/Reopen in case no. D-202-CR-2002-01770. The state court entered an Amended Judgment on October 10, 2007, which reduced the total sentence to life imprisonment, plus nine years. *See* Amended Judgment and Order in case no. D-202-CR-2002-01770. However, the last nine years were suspended, "for an actual term of life imprisonment, to be followed by" five years of parole. *Id.* at 7. Frazier did not appeal the Amended Judgment. Assuming Frazier received the benefit of a new appeal period, the Amended Judgment became final no later than November 12, 2007, the Monday following expiration of the 30-day appeal period. *See Locke v. Saffle*, 237 F.3d 1269, 1271-1273 (10th Cir. 2001) (For purposes of § 2254, the conviction becomes final upon the expiration of the appeal period); NMRA, Rule 12-502 (a writ of certiorari must be filed within 30 days).

The state court docket reflects no case activity for over five months. *See* Docket Sheet in case no. D-202-CR-2002-01770. On April 15, 2008, Frazier filed a state habeas petition, alleging ineffective assistance of counsel. *See* Doc. 1 at 3; Habeas Corpus Petition in case no. D-202-CR-2002-01770. The state court initially denied the petition, but the NMSC reversed and remanded

---

[1] NMRA, Rule 12-102(A)(1) permits direct appeals to the NMSC from a life sentence.

the case for an evidentiary hearing on the ineffective-assistance claim. *See* Order entered April 27, 2008; Writ of Certiorari entered July 31, 2009 in case no. D-202-CR-2002-01770. The state habeas proceeding remained pending for nearly nine years. *See generally* case no. D-202-CR-2002-01770. On March 6, 2017, following an evidentiary hearing, the state court denied the habeas petition. *See* CLS: Order, Application, or Petition Denied in case no. D-202-CR-2002-01770. Frazier sought certiorari review with the New Mexico Supreme Court, which was denied by a mandate issued March 21, 2018. *See* Order in case no. S-1-SC-36594.

On March 19, 2019, Frazier filed the federal § 2254 petition (Doc. 1). He raises Miranda violations, ineffective assistance of counsel, due process violations, and double jeopardy violations. *Id.* By an Order to Show Cause entered April 24, 2019, the Court screened the Petition under Habeas Corpus Rule 4 and determined that it was plainly time-barred. *See* Doc. 4; *see also Day v. McDonough,* 547 U.S. 198, 209 (2006) (As part of the initial review process, "district courts are permitted … to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition"). The Order set forth the legal standard for statutory/equitable tolling and set a deadline of May 24, 2019 for Frazier to show cause why the case should not be dismissed. Frazier filed his show-cause response on May 16, 2019 (Doc. 4), and the matter is ready for review.

**III. Discussion**

Section 2254 petitions must generally be filed within one year after the defendant's conviction becomes final. 28 U.S.C. § 2244(d)(1)(A). The one-year limitation period can be extended:

(1) While a state habeas petition is pending, § 2244(d)(2);

(2) Where unconstitutional state action has impeded the filing of a federal habeas

3

petition, § 2244(d)(1)(B);

(3) Where a new constitutional right has been recognized by the Supreme Court, § 2244(d)(1)(C); or

(4) Where the factual basis for the claim could not have been discovered until later, § 2244(d)(1)(C).

Equitable tolling may also available "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his [or her] control." *Marsh v. Soares,* 223 F.3d 1217, 1220 (10th Cir. 2000).

As noted in the prior Order, the Amended Judgment was entered October 10, 2007, which concluded the direct appeal process. Frazier's conviction therefore became final, at the very latest, on November 12, 2007, the Monday day following the expiration of the 30-day state appeal period. *See Locke*, 237 F.3d at 1271-1273. The Court carefully reviewed the docket in Frazier's criminal case and determined that, after the Judgment became final, at least one hundred and fifty-five (155) days elapsed with no tolling activity.[2] On April 15, 2008 - with (at most) 210 days[3] remaining in the one-year limitation period - Frazier filed a state habeas petition, which stopped the clock pursuant to § 2244(d)(2). The state habeas proceeding tolled the federal limitations period until March 21, 2018, when the NMSC denied certiorari review. *See Lawrence v. Florida*, 549 U.S. 327, 332 (2007) (for purposes of § 2244(d)(2), a state habeas proceeding remains pending until "the State's highest court has issued its mandate or denied review"). "The next day statutory

---

[2] The Court also performed a state-court record search using Frazier's name and date of birth, which confirms that he did not inadvertently file a tolling motion in any other state case.
[3] The Court arrived at this figure by subtracting the number of days that initially elapsed (155) from the one-year period (*i.e.,* 365 days in a year - 155 days = 210 remaining days).

4

tolling ceased," and the remaining "time for filing a federal habeas petition [here, 210 days] resumed." *Trimble v. Hansen*, 2019 WL 990686, at *2 (10th Cir. Feb. 28, 2019) (addressing tolling calculations in habeas cases). The state court docket reflects that there was no additional tolling activity during the next 210 days. The limitation period therefore expired no later than October 18, 2018, and Frazier's § 2254 Petition, filed March 19, 2019, is time-barred.

In his show-cause response, Frazier asks the Court to overlook the time-bar based on the merits of his claims. He appears to argue that the state court violated his rights as a juvenile, violated his rights regarding self-incrimination, and failed to appoint effective defense counsel. (Doc. 4 at 1-2). Unfortunately, Federal Courts cannot consider the merits of a habeas claim unless the petitioner complies with the stringent procedural requirements of §§ 2244 and 2254, including the one-year limitation period. *See U.S. v. Greer*, 881 F.3d 1241, 1244 (10th Cir. 2018) ("Before addressing the merits of [petitioner's] claim, he must show that he can satisfy the procedural requirements of the Antiterrorism and Effective Death Penalty Act (AEDPA).… The first of these barriers is timeliness."). Any alleged trial defects therefore cannot save the otherwise untimely § 2254 Petition.

Frazier also asks the Court to apply equitable tolling, since the conviction is unconstitutional. (Doc. 4 at 2). Equitable tolling is "a rare remedy to be applied in unusual circumstances," and it is generally unrelated to the merits of the claims. *Al-Yousif v. Trani*, 779 F.3d 1173, 1179 (10th Cir. 2015). The doctrine only applies if the petitioner pursued his rights diligently, and some extraordinary circumstance outside of his control prevented him from timely filing. *See Lawrence v. Florida*, 549 U.S. 327 (2007); *Menominee Indian Tribe of Wis. v. United States*, 136 S. Ct. 750, 756 (2016). Here, it appears that Frazier did not understand that the one-

5

year period was running in late 2007 and early 2008, when five months elapsed without tolling activity. This explains why he filed his § 2254 Petition almost exactly one year after the NMSC denied certiorari review in 2018, but it was still five months late. While the Court is sympathetic with Frazier's efforts, the Tenth Circuit has repeatedly held that ignorance of the law cannot excuse an untimely habeas filing. *See Marsh v. Soares*, 223 F.3d 1217, 1229 (10th Cir. 2000) ("It is well established that ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing."); *Taylor v. Wade*, 789 F. App'x 674, 677 (10th Cir. 2019) ("[N]either [petitioner's] misapprehension of the law nor his … claim of ineffective assistance of counsel could excuse his failure to file a timely habeas petition"); *Rojas-Marceleno v. Kansas*, 765 F. App'x 428, 433 (10th Cir. 2018) ("A petitioner's lack of legal knowledge or inability to afford an attorney generally does not merit equitable tolling"); *Hickmon v. Mahaffey*, 28 F. App'x 856, 858 (10th Cir. 2001) (same).

For these reasons, equitable tolling does not apply, and the Court must dismiss the Petition as time-barred. The Court will also deny a certificate of appealability under Habeas Corpus Rule 11, as the time-bar is not reasonably debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (certificate of appealability can only issue where petitioner "demonstrates that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong").

**IT IS ORDERED** that Petitioner Jarrell Frazier's 28 U.S.C. § 2254 Habeas Corpus Petition (Doc. 1) is **DISMISSED without prejudice**; a certificate of appealability is denied; and a separate judgment will be entered closing the civil case.

_____
UNITED STATES DISTRICT JUDGE